IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN K. WALKER, #14403-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:09cv254<br>CRIM NO. 4:07cr92(1) |
| | | |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Steven K. Walker, a prisoner confined at F.C.I. Big Spring in Big Spring, Texas, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On November 8, 2007, a jury found Movant guilty of the offenses of conspiracy to possess, with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On August 12, 2008, Movant was sentenced to 235 months of imprisonment. On May 7, 2009, the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence.

In the present § 2255 motion, Movant asserts he is entitled to relief based on ineffective assistance of counsel. Specifically, he claims that (1) his trial counsel failed to move for judgment of acquittal, (2) refused to allow him to testify, (3) filed a premature notice of appeal, and (4) tried to get Movant to sign the motion to withdraw the premature notice of appeal. He also alleges that

the Government improperly used evidence from a drug bust that "occurred at the home of their witness that testified at petitioner's trial." In a hand-written brief in support, Movant further asserts that (1) he was arrested under false pretenses, (2) the trial court improperly limited his right to cross-examination, (3) the Court abused its discretion by limiting his re-direct examination, (4) the Court violated his rights by admitting evidence from his co-conspirators, (5) the Court admitted prejudicial hearsay evidence against him, (6) the Court violated his Sixth Amendment right to confrontation by prohibiting cross-examinations, (7) the Court erred by finding him a manager or organizer of the conspiracy, and (8) the Government presented no actual physical evidence of his guilt. The Government filed a Response, asserting that Movant's issues are without merit. Movant filed a Reply.

## Federal Habeas Corpus Relief

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## Ineffective Assistance of Counsel at Trial

Movant presents several issues asserting he is entitled relief due to the ineffectiveness of his trial counsel.

Legal Standard

In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

Alleged Refusal to Move for Judgment of Acquittal

Movant asserts that his trial counsel was ineffective for failing to move for judgment of acquittal. However, the record shows that trial counsel made the motions at the close of the Government's case, and again, at the close of all evidence. Movant has failed to show deficient performance or prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue should be denied.

Alleged Refusal to Allow Movant to Testify

Movant claims that his trial counsel was ineffective for not allowing him to testify. [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37 (1987). However, in the present case, Movant has not shown that he wished to testify and that counsel refused his request.

In fact, Movant's assertion is contradicted by the record. The record shows that Movant stated, on the record, that he did not want to testify. Furthermore, he has not shown that the decision not to call him to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Additionally, he has not shown what his testimony would have been had he testified. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Finally, Movant failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has shown neither deficient performance nor prejudice.

<u>Premature Notice of Appeal and Counsel's Attempt to Get Movant to Sign Motion to Withdraw It</u>

Movant next asserts that his counsel's filing of a premature notice of appeal constitutes ineffective assistance of counsel. The record shows, and trial counsel concedes, that he prematurely filed the notice of appeal. Counsel also concedes that he attempted to get Movant to sign a motion to withdraw such notice. Although counsel attempted to get Movant to sign a motion to withdraw the premature notice, Movant refused to sign it. However, counsel was successful in getting the premature notice withdrawn. He then later filed a timely notice of appeal. The Fifth Circuit affirmed Movant's conviction on direct appeal. Movant has not shown a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant has failed to show prejudice. These issues are without merit.

## Issues Decided on Appeal

Movant alleges that the trial court improperly limited his right to confrontation by restricting his questioning of the witnesses. The Fifth Circuit Court of Appeals addressed these issues:

> Four coconspirators, including Franzonia Alexander, testified against Walker. Walker contends that the district court violated his Sixth Amendment right to confrontation by denying him the opportunity to cross-examine Alexander about his pending state felony charge of felon money laundering, under Fed. R. Evid 60(b), for the purpose of challenging his credibility. Walker asserts that if presented with evidence that Alexander had a pending charge, the jury could have inferred that Alexander's testimony was motivated by the desire to obtain preferential treatment from the government regarding his federal sentence.
>
> There is no evidence suggesting that the government had the ability to influence the prosecution of the apparently unrelated Texas state money-laundering charges. Furthermore, Alexander acknowledged on direct and cross-examination that he had entered into a plea agreement whereby he would substantially assist the government in hopes of receiving a sentence reduction. These admissions raised the question whether Alexander's testimony against Walker was motivated by his desire to win government favor.
>
> The record reflects that the jury was provided with sufficient information to appraise Alexander's bias and motives, and the limitation of Alexander's cross-examination did not violate the Sixth Amendment. *See United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993). The district court did not abuse its discretion in determining that the prejudicial effect of the proposed line of questioning outweighed its probative value. *See United States v. Thorn*, 917 F.2d 170, 176 (5th Cir. 1990). Moreover, any error would be harmless, because the testimony fo the other three coconspirators was insufficient to prove Walker's participation in the conspiracy. *See Delaware v. Van Arsdall*, 475 U..S. 673, 684 (1986).

*United States v. Walker*, Nol 08-40844, slip op. at #2. The appellate court clearly considered these issues and found them to be without merit. The Fifth Circuit has held that an issue that has been decided on direct appeal cannot be raised again on collateral review. *United States v. McCollum*, 664 F.2d 56, 59 (5th Cir. 1981). "Section 2255 may not be used to secure a second direct appeal.... [An issue] may not be resurrected and urged anew; it is a thing adjudged and definitively resolved"

once disposed of on direct appeal. *Id*. Because these issues were raised on direct appeal and considered and ruled upon by the Fifth Circuit, they are barred from collateral review. *Id*.

### Procedurally Barred

In his remaining claims, Movant alleges that improper evidence was used against him, his arrest was under false pretenses, the trial court erroneously admitted evidence against him, the trial court erred in its finding that Movant was a manager or organizer of the conspiracy, and the Government presented no actual physical evidence of his guilt. Each of these issues could have been raised on direct appeal, but were not. Unconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Here, Movant could have raised these issues on direct appeal as the record was fully developed, but chose not to do so. Thus, he is procedurally barred from asserting these issues in the instant motion. *Id*. The record was sufficiently developed at trial for the appellate court to be able to make a judgment. Movant chose not to raise these issues on appeal and he has failed to show cause or prejudice for the default. *Id*; *United States v. Lopez,* 248 F.3d 427, 433 (5th Cir. 2001) (defendant is barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom); *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988) (conclusory allegations and bald assertions are insufficient to support the motion). Accordingly, these issues are procedurally barred.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).

8

Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 2nd day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE